United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE RYZMAN FOUNDATION INC., | Case No.  25-cv-09653-MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; DIRECTING DEFENDANTS TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE; GRANTING REQUEST FOR EXPEDITED DISCOVERY** |
| v. | |
| NANA MUZA, et al., | |
| Defendants. | |

Before the Court is plaintiff The Ryzman Foundation Inc.'s ("Ryzman") "Ex Parte Application for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction; and Order for Expedited Discovery," filed November 21, 2025.[1]  Having read and considered the papers filed in support of the application, the Court rules as follows.

Ryzman's claims are based on allegations that defendants obtained a $7.5 million loan from Ryzman under false pretenses, the proceeds of which were wired to an account at Bank of America, specifically, account number xxxxxxxx3581 ("Bank of America Account") and that defendants failed to make any payments thereunder.  (See Compl. ¶¶ 5-16).  By the instant application, Ryzman seeks, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and the Uniform Voidable Transactions Act ("UVTA"), Cal. Civ. Code § 3439.07: (1) "an asset-freeze order to prevent any dispensation of the loan proceeds that were wired to Bank of America" (see Mem. P. & A. (Doc. 12-1) at 6:9-10); and (2) "an order authorizing [expedited] discovery" for the purpose of allowing Ryzman to "issue subpoenas and try to determine any other locations where loan

---

[1] Although Ryzman provided a chambers copy of its application as well as all documents filed in connection therewith, it did not fully comply with this Court's Standing Orders, in that the numerous exhibits were not "separated by tabbed dividers."  See Standing Orders for Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2.

proceeds were transferred" (<u>see</u> <u>id</u>. at 6:17-18.); <u>see also</u>, <u>Sanger v. Ahn</u>, No. 18-cv-07204, 2019 WL 174976, at *6 (N.D. Cal. Jan. 11, 2019) (granting plaintiffs' motion for preliminary injunction based on claims arising under UTVA).

A temporary restraining order ("TRO") may not issue in the absence of notice to the defendant unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." <u>See</u> Fed. R. Civ. P. 65(b).  Here, Ryzman has met the first of the above-referenced exceptions to the notice requirement.  (<u>See</u> Decl. of Sheri Kanesaka (Doc. No. 12-9) ¶¶ 4-5.)  The Court next turns to the showing made in support of the relief sought.

TROs "are governed by the same standard applicable to preliminary injunctions." <u>See</u> <u>Quiroga v. Chen</u>, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Id</u>. at 20.  In light of the factual detail offered in support of the instant motion (<u>see</u> Mem. P. & A. (Doc. No. 12-1) (cross-referencing declarations)), the Court finds Ryzman has shown a likelihood of success on the merits, a likelihood of irreparable harm absent preliminary relief, the balance of equities tips in favor of Ryzman, and such relief is in the public interest.  Consequently, the Court thus finds Ryzman is entitled to a TRO.

Next, as to the matter of security, <u>see</u> Fed. R. Civ. P. 65(c), the Court finds no bond is necessary, in that "there is no realistic likelihood of harm" to defendants from the issuance of a TRO.  See <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003) (stating "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct").

1   Lastly, the Court finds Ryzman has demonstrated good cause for expedited

2   discovery (see Doc. 12-1 at 17), namely that Ryzman's immediate need for the discovery

3   it seeks outweighs any minimal prejudice to defendants. See Rovio Ent. Ltd. v. Royal

4   Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012) (noting, in Ninth Circuit,

5   "[g]ood cause may be found where the need for expedited discovery, in consideration of

6   the administration of justice, outweighs the prejudice to the responding party"; listing

7   factors for court's consideration).

8   Accordingly, Ryzman's application is hereby GRANTED, as follows:

9   1.   Defendants are ordered to show cause, on December 5, 2025, at 9:00 a.m., in

10       Courtroom 7, why an order should not be entered granting Ryzman a preliminary

11       injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

12   2.   With respect thereto, the Court sets the following schedule.

13       a.   On or before November 26, 2025, Ryzman, to the best of its ability, shall

14           cause to be served on defendants the Complaint and Summons, the ex

15           parte motion with all its supporting papers, and this Order.

16       b.   On or before November 26, 2025, Ryzman may file and serve supplemental

17           papers in support of its application for a preliminary injunction.

18       c.   No later than December 1, 2025, at 4:00 p.m., defendants shall file and

19           serve any opposition.

20       d.   No later than December 3, 2025, at 12:00 noon, Ryzman shall file and

21           serve any reply.

22   3.   Pending the December 5, 2025, hearing, defendants, together with their respective

23       agents, servants, employees, and attorneys, as well as all other persons who are in

24       active concert or participation with any of them, are hereby temporarily restrained

25       and enjoined from charging, transferring, moving, using, pledging, or spending any

26       funds from the Bank of America Account or any of the loan proceeds wherever else

27       they may be located or maintained.

28   4.   Pending the December 5, 2025, hearing, the Bank of America Account is frozen,

such that no monies, charges, debits, pledges, and/or transfers may be made to or from this account by any person or entity.

5. Ryzman may conduct the expedited discovery requested in its above-discussed motion.

6. This Order expires on December 9, 2025.

**IT IS SO ORDERED.**

Issued: November 25, 2025, at 1:30 p.m.

MAXINE M. CHESNEY
United States District Judge